UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-cv-24127-JLK

EXPRESS DAMAGE RESTORATION, LLC,
as assignee of Annie Santalla,

       Plaintiff,

v.

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

       Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss filed October 14, 2019 (DE 6) (the "Motion"). Plaintiff failed to file a response to the Motion, and the time to do so has expired. The Motion is therefore ripe for decision.

### I. BACKGROUND

Plaintiff, Express Damage Restoration, LLC, brings this action for breach of contract under a Standard Flood Insurance Policy that Defendant issued to an individual named Annie Santalla, a non-party to this action. *See* Compl. ¶ 8, DE 1-1. Plaintiff attempts to bring this action as assignee of Ms. Santalla based upon an "assignment of insurance proceeds." *Id.* ¶ 7, Ex. A. As background, the Complaint alleges that, on September 10, 2017, Ms. Santalla's property sustained flood damage due to Hurricane Irma. *Id.* ¶¶ 8–9. The Complaint alleges that Ms. Santalla "retained Plaintiff to perform necessary mold test services at the Property," and that "Defendant's refusal to pay for the services rendered by the Plaintiff is contrary to the terms of the Policy." *Id.* ¶¶ 11, 15. Defendant now moves to dismiss the Complaint, arguing that Plaintiff lacks standing to sue under the policy

because (a) the policy does not list Plaintiff as an insured, and (b) the alleged assignment from Ms. Santalla is barred by the policy and federal law. *See* Mot. 6–14.[1]

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court's review is generally confined to the four corners of the complaint, "when the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents . . . for purposes of Rule 12(b)(6) dismissal." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

## III. DISCUSSION

As part of the federal government's National Flood Insurance Program ("NFIP"), Standard Flood Insurance Policies "are interpreted using principles of federal common law," *Newton v. Capital Assurance Co.*, 245 F.3d 1306, 1309 (11th Cir. 2001), and must be "strictly construed and enforced," *De La Cruz v. Bankers Insurance Co.*, 237 F. Supp. 2d 1370, 1373 (S.D. Fla. 2002). "The elements of a breach of contract claim under federal common law are: (1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach." *Hernandez-Rodriguez v. A1 Sun Protection, Inc.*, No. 09-23057-CIV, 2010 WL 996529, at *2 (S.D. Fla. Mar. 17, 2010) (internal quotation marks omitted).

---

[1] Defendant also argues that Plaintiff's state law claims for attorney's fees and costs are preempted by federal law and that Plaintiff's claim for prejudgment interest is barred by the "no-interest rule."

2

Because the first element requires that there be a valid contract between the parties, courts have recognized that only the named insured is entitled to sue for benefits under a Standard Flood Insurance Policy. *Id.* For example, in *Hernandez-Rodriguez*, a "burst water pipe caused water to enter Plaintiffs' apartment, resulting in damage due to mold, mildew, and other effects from water intrusion." *Id.* at *1. The plaintiffs filed suit under a Standard Flood Insurance Policy that listed only their condominium association as an insured. *Id.* Applying federal law, the court found that the plaintiffs failed to state a claim for breach of contract, reasoning that the condo association was "the only party entitled to benefits under the Policy." *See id.* at *3. Similarly, here, Plaintiff brings suit under a Standard Flood Insurance Policy that names only Ms. Santalla as an insured. *See* Mot. Ex. 1. Because Plaintiff is not an insured under the policy, Plaintiff cannot satisfy the first element of a breach of contract claim.[2]

Moreover, while Plaintiff attempts to bring this action as assignee of Ms. Santalla under an alleged "assignment of insurance proceeds," the Court agrees with Defendant's argument that the assignment is invalid under both the plain terms of the policy and federal law. As an initial matter, the policy permits assignments only when the insured "transfer[s] title of [the] property to someone else." 44 C.F.R. pt. 61, app. A(1), art. VII(D). No such transfer of title is alleged in this case, and Plaintiff has not pointed to any other provision that would permit an assignment of the policy or any claims under the policy. Indeed, as Defendant points out, the NFIP Claims Manual specifically states that the "SFIP does not allow assignment of a claim." *See* Mot. Ex. 3 (quoting NFIP Claims Manual (June 2019)). The Court also agrees with Defendant's argument that the assignment fails to comply with the Assignment of Claims Act, 31 U.S.C. § 3727 *et seq.*, which places restrictions

---

[2] Contrary to Defendant's characterization, *Hernandez-Rodriguez* did not dismiss the case for lack of Article III standing, a jurisdictional defect. Instead, the court dismissed the action on the merits for failure to state a breach of contract claim. *Hernandez-Rodriguez*, 2010 WL 996529, at *3.

3

on the assignment of claims against the federal government. *See Goldstein Grp. Holdings, Inc. v. Hartford Ins. Co.*, No. 15-cv-03851, 2017 WL 448372, at *5 (D.N.J. Feb. 2, 2017) (applying the Act to assignment of claim under Standard Flood Insurance Policy, "which is written by the federal government"). As relevant here, the Act requires the assignment to "be attested to by 2 witnesses," and states that "the person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment." 31 U.S.C. § 3727(b). In this case, however, the assignment from Ms. Santalla to Plaintiff was not attested to by any witnesses and does not contain the requisite certification. *See* Compl. Ex. A, DE 1-1.

In short, because Plaintiff is not named as an insured on the policy, and because the alleged assignment from Ms. Santalla is barred by the policy and the Assignment of Claims Act, the Court finds that Plaintiff's Complaint must be dismissed for failure to state a claim.[3]

## IV. CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion to Dismiss **(DE 6)** be, and the same hereby is, **GRANTED**; this case is hereby **DISMISSED**; and the Clerk shall **CLOSE** this case.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, at Miami, Florida, this 9th day of December, 2019.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: **All counsel of record**

---

[3] Because the Court finds that Plaintiff's breach of contract claim must be dismissed in its entirety, the Court need not address Defendant's arguments regarding Plaintiff's request for attorney's fees and costs and prejudgment interest.

4